IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| MARK MCBRIDE, | ) | |
|---|---|---|
| MCBRIDE HOMES, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-205-R |
| | ) | |
| GEORGE C. SHIPLEY, | ) | |
| SHIPLEY & ASSOCITES, INC., | ) | |
| JOHN DOE COMPANY, | ) | |
| JOHN DOE(S), | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants George C. Shipley and Shipley & Associates, Inc.'s Amended Motion to Dismiss, Doc. 25. Plaintiff Mark McBride discovered a GPS tracking device under the bed of a truck belonging to his company, Plaintiff McBride Homes. They brought five state law claims and a claim under the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511, against Defendant George Shipley and his political consulting firm, Shipley & Associates ("S&A"). Amended Complaint, Doc. 19. Plaintiffs claim that S&A's unknown clients, Defendant(s) John Doe(s), hired S&A, who then hired H.L. Christenson of investigation firm Eastridge Investigations to place the device "without [McBride's] knowledge or consent" so that S&A could "conduct surveillance, monitor, track, and oversee McBride's whereabouts" for purposes of intimidation, extortion, or public embarrassment. *Id.* at 2–4, 7–8. Plaintiffs have alleged plausible claims for invasion of privacy and civil conspiracy, and the Court grants the Motion in part to dismiss the remaining claims.

1

## I. Discussion

Before analyzing the substance of Plaintiffs' Amended Complaint, the Court must first address serious shortcomings by Defendants' counsel. The Court only granted counsel leave to exceed LCvR7.1(e)'s 25-page limit by five pages (Doc. 22), yet their Motion (Doc. 25) is 36 pages. Beyond violating the Court's order, this excess is problematic given that counsel (1) spent six pages on baseless discovery allegations that have no bearing on the plausibility of Plaintiffs' claims under Rule 12(b)(6); (2) spent four pages explaining the well-known *Twombly* and *Iqbal* standard; (3) copied and pasted sections from their prior motion to dismiss (Doc. 11) without any regard for material changes to the Amended Complaint, leading to multiple misstatements; and (4) raised countless facts outside the Amended Complaint that the Court cannot consider at the 12(b)(6) stage.

Moving to the sufficiency of Plaintiffs' Amended Complaint, a complaint may be dismissed upon a motion for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *MacArthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 547). Plaintiffs cannot merely give "labels and conclusions, and a

formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Such conclusory allegations are not entitled to the Court's presumption for Plaintiffs. Instead, Plaintiffs must plead facts to raise the "right of relief above the speculative level." *Id.* at 558.

**A. Trespass to Chattels**

Although Plaintiffs allege a plausible agency relationship between Defendants and the alleged tort feasor, H.L Christenson, the underlying conduct is not a plausible trespass to chattels because Plaintiffs do not allege that the GPS tracker caused damage to the chattel, Plaintiffs' truck. *See Mid-Cent. Fish Co. v. Gentry Poultry & Egg Co.*, 118 P.2d 225, 227 (Okla. 1941) ("In a tort action a plaintiff can proceed against any or all joint tort feasors and can also proceed against a principal or responsible superior without proceeding against the agent of said principal or responsible superior."). Under Oklahoma law—which follows the Second Restatement of Torts—the mere fact of contact with another's property only grants the owner license to use force to protect that property. It does not necessarily mean liability for an independent claim of trespass to chattels. *Woodis v. Oklahoma Gas & Elec. Co.*, 704 P.2d 483, 485 (Okla. 1985) (citing Restatement of Torts 2d § 217). Liability requires damages. Defendants must have "dispossessed [Plaintiffs] of the chattel"; impaired "its condition, quality, or value"; deprived Plaintiffs "of the use of the chattel for a substantial time"; or caused bodily harm to the possessor or harm "to some person or thing in which the possessor has a legally protected interest." Restatement of Torts 2d § 218; *see also id.* cmt. e ("The interest of a [chattel] possessor . . . in its inviolability, unlike the similar interest of a [land] possessor . . . , is not given legal protection by an action for nominal damages for harmless intermeddlings . . . . In order that an actor who interferes with another's chattel may be liable,

3

his conduct must affect [a] more important interest of the possessor."); *United States v. Jones*, 565 U.S. 400, 419 n.2 (2012) (Alito, J., concurring); *In re Jetblue Airways Corp. Privacy Litig.*, 379 F. Supp. 2d 299, 328–29 (E.D.N.Y. 2005).

Plaintiffs' allege in a conclusory fashion that Defendants committed trespass to chattels by "intermeddling with Plaintiffs' property that interfered with Plaintiffs' use and enjoyment of the vehicle." Doc. 19, at 4. Granted, information gleaned from the GPS tracker may have damaged Plaintiffs, but they do not allege that the truck was harmed in any measurable way. Nor does Plaintiffs' "recitation of the element[] of a cause of action," their allegation that Defendants deprived them of "use and enjoyment of the[ir] vehicle," nudge the trespass to chattels claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570; Doc. 19, at 4. The claim therefore cannot survive 12(b)(6) scrutiny.

**B. Invasion of Privacy**

It is premature to dismiss Plaintiffs' invasion of privacy claim. Plaintiffs are liable for invasion of privacy if they "unreasonabl[y] intru[ded] upon the seclusion of" Plaintiffs or their "private affairs or concerns" in a way that "would be highly offensive to a reasonable person." *McCormack v. Oklahoma Pub. Co.*, 613 P.2d 737, 739 (Okla. 1980) (quoting Restatement of Torts 2d §§ 652A, 652B). Although tracking Plaintiffs movements on public roads does not constitute intrusion upon seclusion, viewing the facts in Plaintiffs' favor, it is plausible that Defendants tracked their movements on private property. Restatement of Torts 2d § 652B cmt. c. "The tracking device recorded and transmitted information about McBride's whereabouts . . . to track, follow, and oversee McBride's movements on a daily basis in order to view, discover, obtain and/or disclose his private affairs and concerns . . . ." Doc. 19, at 4.

**C. Intentional Infliction of Emotional Distress**

Plaintiff's conclusory allegations of intentional infliction of emotional distress ("IIED") fail to satisfy the essential "severe" distress element of the claim. A claim for IIED requires that "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Computer Publications, Inc. v. Welton,* 49 P.3d 735 (Okla. 2002). The Amended Complaint states that Defendants' nonconsensual placement of the GPS device on Plaintiffs' car "caused severe emotional distress to McBride beyond which a reasonable person could be expected to endure." Doc. 19, at 6. This is a mere conclusory "recitation of the element[] of a cause of action" not entitled to a presumption of truth without facts making that "severe emotional distress" plausible. *Id.*; *Twombly*, 550 U.S. at 555. The Court therefore dismisses Plaintiffs' IIED claim.

**D. Negligence**

Plaintiff alleges an intentional tort that cannot form the basis of a negligence claim. Oklahoma law has long recognized that "[n]egligence, in its generally accepted meaning, has in it no element of willfulness; but involves a state of mind which is negative[,] . . . in which the person fails to give attention to the character of his acts or omissions or to weigh their probable or possible consequences." *Broom v. Wilson Paving & Excavating, Inc.*, 356 P.3d 617, 629 (Okla. 2015) (quoting *Kile v. Kile,* 63 P.2d 753, 755 (Okla. 1936)). An "intentional wrong" is not negligent. *Id.* (citing *St. Louis & S.F.R. Co.,* 174 P. 1036, 1040 (Okla. 1918)). Plaintiff alleges that "[i]n order to obtain . . . damaging information about McBride, Defendant Shipley specifically requested that an electronic device [be placed] underneath the

vehicle." Doc. 19, at 3. Even viewing these allegations in Plaintiffs' favor, this sort of intentional conduct—deliberate "activity that would produce an 'expected or intended' injury," *Broom*, 356 P.3d at 629—cannot subject Defendants to a claim for negligence.

**E. Civil Conspiracy**

Plaintiffs allege a plausible civil conspiracy between Defendants Shipley, Shipley & Associates, and unknown John Doe Defendants to use GPS monitoring of Plaintiff McBride's whereabouts to obtain political opposition research into his private affairs. Doc. 19, at 2–7. "A civil conspiracy consists of a combination of two or more persons to do an unlawful act, or to do a lawful act by unlawful means." *Brock v. Thompson*, 948 P.2d 279, 294 (Okla. 1997). The elements are "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *Schovanec v. Archdiocese of Oklahoma City*, 188 P.3d 158, 175 (Okla. 2008) (quoting *Closs v. Goose Creek Consol. Indep. School Dist.*, 874 S.W.2d 859, 871–72 (Tex. App. 1994)). Defendants argue that their underlying conduct is not "unlawful," but the Court's finding that Plaintiffs allege a plausible invasion of privacy claim disposes of that argument. *Id.; see Gaylord Entm't Co. v. Thompson*, 958 P.2d 128, 148 (Okla. 1980). Accordingly, Plaintiff's civil conspiracy claim survives 12(b)(6) scrutiny.

**F. ECPA Communications Interception**

Plaintiffs fail to allege a plausible ECPA violation because Defendants did not intercept "any wire, oral, or electronic communication." 18 U.S.C. § 2511(1)(a). Plaintiffs allege that Defendants affixed a GPS tracker "to conduct surveillance, monitor, track, and oversee McBride's whereabouts." Doc. 19, at 3. While the Amended Complaint states that

"Defendants intercepted, disclosed, procured, used or endeavored to use electronic communications through the use of an electronic device . . . placed on Plaintiffs' vehicle," the ECPA expressly precludes "any communication from a tracking device" from the definition of "electronic communications." Doc. 19, at 8; 18 U.S.C. § 2510(12)(C). Further, Plaintiffs' allegation regarding their "reasonable expectation of privacy with respect to conversations and communications made within their vehicle" does not make the claim plausible because Plaintiffs do not allege that the GPS device intercepted oral communications or transmitted anything beyond location data. Doc. 19, at 5. Thus, Plaintiffs' ECPA claim must be dismissed.

## II. Conclusion

The Motion to Dismiss (Doc. 25) is GRANTED IN PART with respect to Plaintiffs' claims for trespass to chattels, IIED, negligence, and ECPA communications interception, and DENIED IN PART with respect to the claims for invasion of privacy and civil conspiracy.

IT IS SO ORDERED this 28th day of August 2018.

_____
**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**